## Case No. 936.
### BANK OF THE UNITED STATES v. SMITH.

[4 Cranch, C. C. 712.][1]

Circuit Court, District of Columbia. March Term, 1836.

NEGOTIABLE INSTRUMENTS—APPLICATION OF SECURITY—DISTRESS—SET-OFF.

1. If a creditor takes a security, by deed of trust, of personal property, for a debt due to him by an indorsed promissory note, and the debtor becomes tenant of the creditor, and rent is in arrear, and the creditor, who is the landlord, distrains the goods conveyed to the trustee, as security for the payment of the note, and the same goods are sold under the distress, and the proceeds paid over to the landlord, he is bound to apply the proceeds to the payment of the note, although the goods were found on the premises, at the time of the distress, the same being there, by the consent of the landlord, as security for the note; and these facts are admissible, in evidence, on the part of the defendant, who is sued as indorser of the note.

2. But, at law, the amount of the set-off cannot exceed the proceeds of the sales actually received by the plaintiff.

At law. Assumpsit against [Fleet Smith] the defendant, as indorser of John Strother's promissory note, for $6,023.22, dated 1st October, 1830, payable to the defendant, or order, in one year, with interest from the date. The plaintiffs having given evidence of the execution and indorsement of the note, and of due demand and notice to the defendant, it was read in evidence to the jury.

The defendant then offered, in evidence, a deed of trust, dated 1st October, 1830, executed by John Strother, the maker of the note, to Richard Smith, cashier of the office of discount and deposit of the Bank of the United States, at Washington, of all the household furniture, &c., of the tenement called the City Hotel, in Washington, a schedule and appraisement of which was annexed to the deed, in trust, that if Strother should fail to pay the note when payable, the said Richard Smith should sell the property at public vendue, and apply the net proceeds to the payment of the note, and that Strother should, in the mean time, retain the possession; and Strother agreed to account for the goods, at the appraisement. The defendant also offered evidence that the goods were of the value therein stated; that the plaintiffs, by their proper officers and agents, might have taken the said property and applied it to the satisfaction of the note, immediately upon its protest; that the said Richard Smith, in all the proceedings respecting the said deed of trust, acted as the officer and agent of the bank, and with its privity; that, with the sanction and privity of the bank, he permitted the property to remain in the use and possession of Elizabeth W. Strother, wife of the said John Strother, after he had left the District of Columbia, and gone to the western country, from which he never returned; when the bank, by their duly-constituted agent, levied a distress on

[1] [Reported by Hon. William Cranch, Chief Judge.]

the same, for rent accrued after the execution of the said deed, and after the protest of the said note, under a demise from them to the said Strother, of the house, &c., wherein the said property was at the time of the execution of the said deed, and wherein it continued till the said distress.

That on the 5th of October, 1830, the plaintiffs had caused the said Strother to give two specific securities for the said rent; to wit, a deed from the said John Strother and wife, and Thomas R. Miller, to the said Richard Smith, of five slaves, and a deed of the same date, from Lucy E. Fendall, to the said Richard Smith, for three slaves, each of which deeds authorized the said Richard Smith to sell the said slaves, respectively, in case of the non-payment of the rent, when due. That all the property mentioned in the said deed of the 1st of October, 1830, remaining on the premises when the distress was levied, was sold under the said distress, by the bailiff of the bank, by their direction, and the whole proceeds paid over by him, to the bank; and that, on the 4th of October, 1831, when the said note was protested, and ever after, until such distress and sale, all the said property remained at the disposal of the bank and its proper officers and agents, and subject to their exclusive control and management; and that the bank, through such, its proper officers and agents, might, at any time after such protest, have caused the same to be disposed of, and the proceeds applied to the payment of the said note; that the leaving of the said property in the hands of the said Elizabeth W. Strother, and in her use, from the time of the protest of the said note, till such distress and sale for rent, was with the knowledge and consent of the proper officers and agents of the bank, legally acting in its behalf, in the matter.

To the admissibility of the evidence thus offered by the defendant, the plaintiffs objected; but THE COURT (nem. con.) overruled the objection, and permitted the evidence to be given to the jury; and the plaintiffs took a bill of exceptions. After some further evidence, given, both on the part of the defendant and of the plaintiff,

Mr. Coxe, the counsel for the plaintiff, moved the court to instruct the jury, that if they shall believe, from the evidence, that the note on which the suit is brought, was indorsed by the defendant, and that payment was duly demanded, and the said note protested for non-payment, and due notice thereof given to the defendant, as indorser thereof, then the plaintiff is entitled to recover; and that the circumstances given in evidence, as to the distress by the plaintiff, for rent due on the premises, and the sale under the said distress, of the property mentioned in the deed of trust of October 1st, 1830, and the receipt of the proceeds of such sale by the plaintiff, do not amount to payment, either in whole or in part, of the said note. Which instruction THE COURT refused to give, and the

plaintiffs took their second bill of exceptions.

The defendant's counsel, Mr. Jones, then claimed for him; first, a credit against the said note for the full value of all the said property upon which the said distress was levied, though such value should exceed what the property produced at the sale; secondly, a credit for the value of so much of the property conveyed by the said first deed of trust as the jury may, from the evidence, find that the plaintiffs might, with reasonable diligence, have had brought to sale, under the said deed, and which was lost or destroyed by the fault and negligence of the plaintiffs.

But THE COURT, at the instance of the plaintiffs' counsel, decided, and so instructed the jury, that the defendant was not entitled, at law, to any such credit for more than the money actually received by the bank, for the proceeds of the sales so made, under the said distress and deed of trust. To which instruction the defendant excepted.

Mr. Coxe, for the plaintiffs, in order to show that the plaintiffs had a right to distrain the goods conveyed to Mr. Richard Smith, in trust to secure payment of the note, cited Bradb. Dist. (2d Ed.) c. 4, p. 73; Comyn, Landl. & T. 382, 383; Newman v. Anderton, 2 Bos. & P. (N. R.) 224; Davies v. Powell, Willes, 46; and Buckley v. Taylor, 2 Term R. 600.

Mr. Jones and Mr. Dunlop, contra, contended that where goods are on the premises for a certain purpose, with the consent of the landlord, they are not liable to distress for rent. These goods were left on the premises, with the plaintiffs' consent, for the security of a certain debt for which the defendant was surety. Besides, the bank, which was in effect the trustee under the deed made to their cashier, was bound to preserve the trust-fund to pay the specific debt charged upon it. Fowkes v. Joyce, 2 Vern. 129; Tate v. Gleed, 2 Wms. Saund. 290, note 7.

The net proceeds of the sales under the distress were $1,262.04, which the jury deducted from the amount of the note, and gave their verdict for the balance, $5,087.51. No writ of error has been prosecuted.